# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| TARICK ALI, by his personal representative, MONICA ALI, <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA GOVERNMENT <br><br> and <br><br> DISTRICT OF COLUMBIA FIRE AND EMERGENCY MEDICAL SERVICE, <br><br> Defendants. |

Civil Action 08-01950 (HHK)

## MEMORANDUM OPINION AND ORDER

Tarick Ali, by his personal representative Monica Ali,[1] brings this suit against the District of Columbia Government ("District") and the D.C. Fire and Emergency Medical Service ("D.C. Fire and EMS") alleging religious discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") and the D.C. Human Rights Act of 1977, D.C. Code §§ 2-1401.01 *et seq*. ("DCHRA"). Ali's claims arise from his alleged unlawful treatment as an employee of D.C. Fire and EMS. Before the Court is a motion to dismiss Ali's complaint filed by both defendants [#20]. Upon consideration of the motion, the opposition thereto, and the record of this case, the Court concludes that the motion shall be granted in part and denied in part.

---

[1] Tarick Ali is deceased. The record before the Court does not indicate the date of his death or Monica Ali's relationship to him, but defendants have not contested her ability to bring this action. In order to avoid confusion, this memorandum will refer to Tarick Ali as if he were the plaintiff in this case.

# I. BACKGROUND

Tarick Ali, a practicing Muslim, was at all times relevant to this case a firefighter and emergency medical technician for D.C. Fire and EMS.

In observance of Islam, Ali prayed five times a day. On June 15, 2006, he participated in an afternoon prayer session with a co-worker at the fire station where he worked. As Ali was in the process of returning his prayer mat to the locker room, his immediate supervisor, Lieutenant Michael Malinowski, rang the fire house bells, signaling that the members of the house were to line up for a training drill. After the firefighters lined up, Ali alleges, Malinowski "singled out" Ali and his co-worker by "berat[ing] them for allegedly reporting to the floor approximately 30 seconds after the unit was placed out of service for the training drill." Compl. ¶ 10.[2]

Shortly after this incident, Malinowski told Ali that he no longer needed to fill out a "special report" for reporting to the floor late.[3] Malinowski allegedly also told Ali that he "needed to choose between his job or his religion." *Id.* ¶ 14. Ali asserts that on the date Malinowski made this comment, Ali expressed opposition to the "discriminatory threats" made to him, and on or about this date, he filed an "internal complaint" alleging discriminatory treatment. *Id.* ¶ 15-16.

Ali alleges that "[d]efendant[s] harassed and retaliated against [Ali] when they strongly instructed [him] to change the subject" of his internal complaint. *Id.* ¶ 19. Ali alleges that Malinowski also "harassed and retaliated" against him by ordering Ali to "sign in his release in

---

[2] All references herein to Ali's complaint refer to the First Amended Complaint.

[3] The complaint does not so state, but the Court infers that Ali had at some point been ordered to fill out a report concerning his late arrival to the floor.

the journal signing out equipment, which is a task that was not part of a routine practice" and which was required of no other employees. *Id.* ¶ 20.

On July 5, 2006, Ali met with Malinowski and Battalion Fire Chief Steven Dove and again expressed opposition to his "discriminatory treatment." *Id.* ¶ 17. During this meeting, Malinowski allegedly admitted to asking Ali "[w]hat's more important to you, you know, your religion or the job of the fire department?" *Id.* ¶ 22. Malinowski allegedly then stated: "That's when I said, it don't work, the two things, religion [on] this side, job on this side, clash. And I said, Hey, Tarick, you need to make that decision. What's more important to you, because if they clash, you know there's going to be ramifications and all that." *Id.* ¶ 23. Ali further alleges that, during this meeting Dove threatened that if Ali continued to pursue the "harassment charge," Ali's "Islamic co-workers would be placed on charges as 'ramifications' for his action." *Id.* ¶ 24.

Ali maintains that following the July 5, 2006 meeting, Dove retaliated against him by "making the decision to require all employees to file a special report, which created a hostile work environment for [Ali]." *Id.* ¶ 25.[4]

On September 21, 2006, Ali filed a charge with an Equal Employment Opportunity ("EEO") office. *Id.* ¶ 18. He filed this action on November 12, 2008.

## II. ANALYSIS

Ali brings claims of discrimination and retaliation in violation of Title VII and the DCHRA against the District and D.C. Fire and EMS. Defendants seek dismissal of all claims against D.C. Fire and EMS because that entity is not properly subject to suit and against the District for failure to state a claim upon which relief can be granted.

---

4       The complaint does not describe the nature of this "special report."

3

**A. Ali's Claims Against D.C. Fire and EMS Must Be Dismissed.**

Defendants argue that D.C. Fire and EMS, an agency within the D.C. government, is "*non sui juris* and cannot be a party to this lawsuit." Defs.' Mot. to Dismiss Pl.'s Am. Compl. ("Mot. to Dismiss") at 6. In particular, defendants contend that D.C. Fire and EMS, a creation of D.C. Code § 5-401, is not the type of independent corporate body that has the authority to sue or be sued, and therefore Ali's claims against it must be dismissed.

Defendants are correct. "The law is clear that 'agencies and departments within the District of Columbia government are not suable as separate entities.'" *Does I through III v. Dist. of Columbia*, 238 F. Supp. 2d 212, 222 (D.D.C. 2002) (quoting *Gales v. Dist. of Columbia*, 47 F. Supp. 2d 43, 48 (D.D.C. 1999)); *see also Harvey v. Dist. of Columbia*, 949 F. Supp. 874, 875 (D.D.C. 1996) ("D.C. [Fire and] EMS is a part of the D.C. government . . . and because it is not *sui generis*, the plaintiff's claims against the D.C. [Fire and] EMS will be dismissed."). Consequently, Ali's claims against D.C. Fire and EMS shall be dismissed.

**B. Ali's Claims Against the District May Go Forward.**

**1. Discrimination**

Ali relies on two theories to support his claims of discrimination on the basis of religion: (1) disparate treatment and (2) hostile work environment. Defendants have moved to dismiss these claims based on Federal Rule of Civil Procedure 12(b)(6), arguing that Ali has not alleged facts sufficient to support the contentions that he suffered an adverse employment action or a hostile work environment.

The state of the law regarding pleading requirements in Title VII cases is unsettled. The D.C. Circuit established in *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111 (D.C. Cir. 2000),

that a plaintiff in a Title VII case "need not set forth the elements of a prima facie case [of discrimination] at the initial pleading stage." *Sparrow*, 216 F.3d at 1113. The Circuit Court's rationale relied not only on Rule 8 of the Federal Rules of Civil Procedure but also on *Conley v. Gibson*, 355 U.S. 41 (1957). *See id.* at 1114-15 (discussing several provisions within Rule 8 and relying on *Conley*'s instruction that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" (quoting *Conley*, 355 U.S. at 45-46)). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), an opinion issued seven years after *Sparrow*, the Supreme Court abrogated *Conley*, articulating a new formulation of the standard by which courts are to evaluate motions to dismiss for failure to state a claim. *Id.* at 555, 562-63 (holding that to survive a motion to dismiss, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and announcing that "*Conley*'s 'no set of facts' language . . . has earned its retirement"). The Supreme Court's opinion in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), reiterates the holding of *Twombly* and further describes the manner in which courts are to evaluate motions to dismiss. *See id.* at 1949-51.

Despite the questions that arise about the continued validity of *Sparrow* in light of *Twombly* and *Iqbal*, *Sparrow*'s holding that a plaintiff need not "'make out a prima facie case of discrimination' in his complaint," *Sparrow*, 216 F.3d at 1114, is still good law. And Rule 8 requires only a "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Mindful of these principles, the Court has carefully considered Ali's complaint. Although it is unlikely that Ali's claims of discrimination will ultimately prove

5

meritorious,[5] he has said enough to continue past this stage of the proceedings.  *See Twombly*, 550 U.S. at 556 (holding that a plaintiff's factual allegations need not be "detailed" and must only "raise a right to relief above the speculative level").  Therefore, defendants' motion is denied as to Ali's claims of discrimination.

    2.    **Retaliation**

As to Ali's retaliation claims, the Court need not resolve the issue of which pleading requirements apply because Ali's allegations are sufficient to survive defendants' motion to dismiss even if *Sparrow* does not control.  To successfully make out a claim of unlawful retaliation, an employee must ultimately demonstrate that "she engaged in protected activity, as a consequence of which her employer took a materially adverse action against her." *Taylor v. Solis*, 571 F.3d 1313, 1320 (D.C. Cir. 2009) (quoting *Weber v. Battista*, 494 F.3d 179, 184 (D.C. Cir. 2007)) (internal quotation marks omitted).  Ali has alleged that he filed an internal complaint, and defendants do not dispute that he engaged in protected activity.  They argue only that Ali has not faced a materially adverse action.  That argument fails.

An action is materially adverse for purposes of a retaliation claim if it "could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Taylor*, 571 F.3d at 1320 (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006)) (internal quotation marks omitted); *see also Rattigan v. Holder*, 604 F. Supp. 2d 33, 52 (D.D.C.

---

    [5]    It appears that Ali may not ultimately be able to show, as is necessary to make out a claim of discrimination based on disparate treatment, that he was the subject of an adverse employment action.  *See Forkkio v. Powell*, 306 F.3d 1127, 1131 (D.C. Cir. 2002).  It also appears that he may be unable to show that the incidents to which he refers in alleging that he faced a hostile work environment are as "severe or pervasive" as necessary to constitute unlawful harassment.  *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).

2009) (noting that "[u]nder *Burlington*, the touchstone for 'material adversity' is deterrence" because "[the] function of [the] anti-retaliation provision is to 'prohibit[] employer actions that are *likely to deter* victims of discrimination from complaining to the EEOC, the courts, and their employers'" (quoting *Burlington*, 548 U.S. at 68) (emphasis in original)).[6] Several courts have concluded that threats can constitute retaliatory action. *See, e.g.*, *Rattigan*, 604 F. Supp. 2d at 52-53 ("[W]hether an action is 'materially adverse' is determined by whether it holds a deterrent *prospect* of harm, and not by whether the harm comes to pass or whether any effects are felt in the present." (emphasis in original)); *Billings v. Town of Grafton*, 515 F.3d 39, 54-55 (1st Cir. 2008) (relying on *Burlington* in holding that where an employee knows that by bringing a discrimination charge, "she risks a formal investigation and reprimand—including a threat of 'further, more serious discipline,'" she might be deterred from doing so); *E.E.O.C. v. Creative Networks, LLC*, 2009 WL 597214, at *6 (D. Ariz. Mar. 9, 2009) ("[T]hreats of termination and hostile conduct [directed at plaintiff are] reasonably likely to deter others from engaging in protected activity.").

Here, Ali has alleged that he was threatened with "ramifications" for pursuing his internal complaint. Although the nature of these "ramifications" is unclear, because Ali was allegedly told he would have to choose between his job and his religion, the Court infers that Ali's supervisor was suggesting Ali might lose his job. The Court will not conclude that fear of that consequence would not deter a reasonable employee from continuing to pursue a discrimination

---

[6] The D.C. Court of Appeals has made clear that federal case law addressing questions arising in Title VII cases is applicable to the resolution of analogous issues raised regarding DCHRA claims. *See, e.g.*, *Howard Univ. v. Green*, 652 A.2d 41, 45 & n.3 (D.C. 1994). Accordingly, the Court resolves the issue presented here by applying precedent from Title VII cases to both Ali's Title VII and his DCHRA claims.

claim.[7] Therefore, the Court denies defendants' motion to dismiss Ali's retaliation claims under Title VII and the DCHRA.[8]

## IV. CONCLUSION

For the foregoing reasons, it is this 24th day of March, 2010 hereby

**ORDERED** that defendants' motion to dismiss [#20] is **GRANTED** to the extent it seeks the dismissal of claims against the D.C. Fire and Emergency Medical Service; and it is further

**ORDERED** that the motion is **DENIED** in all other respects.

Henry H. Kennedy, Jr.
United States District Judge

---

[7] Ali's additional allegations that he was required to write reports and sign a log might, if considered in isolation, be only "minor 'inconveniences and alteration of job responsibilities [that do] not rise to the level of adverse action' necessary to support a [retaliation] claim." *Taylor*, 571 F.3d at 1321 (quoting *Stewart v. Evans*, 275 F.3d 1126, 1135 (D.C. Cir. 2002)). But "no bright line rule exists for determining when a number of retaliatory actions—none of which independently constitutes a typical material adverse action—together comprise a pattern of retaliation." *Baloch v. Norton*, 517 F. Supp. 2d 345, 363 (D.D.C. 2007) (citing *Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 464 (2d Cir. 1997)). Because in combination with the alleged threats, these actions might be part of a meritorious retaliation claim, the Court will permit Ali to continue to rely on these allegations as part of his theory of retaliation.

[8] Defendants also argue that Ali's common law negligence claims must be dismissed. The Court does not read Ali's complaint as containing any negligence claims and therefore declines to address the merits of this argument. Even assuming Ali has brought such claims, because his opposition does not respond to defendants' request for dismissal of them, the issue is conceded. *Cf. Buggs v. Powell*, 293 F. Supp. 2d 135, 141 (D.D.C. 2003) ("It is understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." (citing *FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997); *Stephenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002))). No negligence claims may go forward.